IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ALLEN REINHARDT | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-18-3121 |
| WARDEN RICHARD GRAHAM, JR.,<br>MR. WEBER,<br>LT. BUTLER, | *<br><br>* | |
| Defendants | * | |

***

**MEMORANDUM OPINION**

In response to this court's Order to Show Cause, counsel for the Division of Corrections filed a response indicating that Plaintiff, an inmate at Western Correctional Institution (WCI), is not entitled to a preliminary injunction because the threat to his safety has been addressed. ECF No. 4. Plaintiff was granted 28 days to file a Reply, which has been received. ECF No. 6. In addition, Plaintiff filed a motion for summary judgment. ECF No. 7. For the reasons that follow, Plaintiff's request for preliminary injunctive relief will be denied and the motion for summary judgment will be denied without prejudice.

In his verified complaint, Plaintiff alleged that he was placed on administrative segregation because it was discovered on August 27, 2018, that he had been targeted by the gang known as Dead Men Incorporated (DMI) who planned to stab Plaintiff because he would not allow them to steal tobacco from the Native American worship services. ECF No. 1 at p. 1. Despite Plaintiff's belief that danger to his life still persisted, he was informed on September 27, 2018, that he was being moved back to general population. *Id.* at p. 2. Plaintiff alleges that his reassignment to general population represents a failure to protect him from the violence of other inmates and

requests a transfer to another prison outside of the Western Maryland region as well as monetary damages for the "undue stress" caused by his removal from administrative segregation. *Id*.

In response, counsel provides a declaration under oath from Correctional Case Management Supervisor Michael Yates along with relevant records. ECF No. 4. Yates confirms that on August 27, 2018, Plaintiff was placed on administrative segregation pending an investigation into an allegation that he was going to be stabbed by inmate Robert Hawkins. ECF No. 4-1 at p. 1, ¶ 3. The investigation was prompted when Hawkins reported[1] to the Officer in Charge at the WCI Medical Unit that he was ordered by the DMI to stab Plaintiff because Plaintiff had stopped the DMI from stealing tobacco from the Native American service. ECF No. 4-1 at p. 8 (Information Report dated Aug. 27, 2018). A weapon was found in the inmate's bathroom in the Medical unit, near a sink, after Hawkins told officers that he had left it there for the purpose of carrying out his assault on Plaintiff. *Id*. at p. 7 (Administrative Segregation Investigative Report), *see also* p. 8 (documenting weapon found).

Lt. Margaret Bennett investigated the allegation and concluded her investigation on September 26, 2018, advising the Case Management team that her investigation into Hawkins was not complete; that Hawkins had been placed on administrative segregation 120; and that Plaintiff could be reassigned to general population the following day. ECF No. 4-1 at, p. 1 ¶ 5; ECF No. 4-1 at p. 5.

On September 27, 2018, the Case Management team recommended Plaintiff's removal from administrative segregation and he was returned to general population on October 5, 2018.

---

[1] Hawkins reportedly stated, "I am supposed to stab someone but I am not going to do it. The knife is in the bathroom." ECF No. 4-1 at p. 8.

ECF No. 4-1 at pp. 1-2, ¶¶ 5&6. Hawkins remains assigned to administrative segregation where he will stay until he is transferred out of WCI. *Id*. at ¶ 7.

In his reply, Plaintiff takes issue with the fact that Bennett did not interview him about the threat to his safety, but focused instead on an interview of his would-be assailant. ECF No. 6 at p. 1. Plaintiff also notes that the apparent plan in place is to transfer Hawkins, the aggressor, to "a better institution" while he remains at WCI where the DMI issued an order for Plaintiff to be violently assaulted. *Id*. at pp. 1-2. He states that there is "something deeper" going on at WCI and notes that on September 2, 2018, an inmate was found dead in his cell. *Id*. at p. 2. He further notes that during the first two weeks of November, another inmate was assaulted and sustained facial injuries. *Id*. He states that the investigation into the threat against him was improperly completed and does not address the danger to his personal safety. *Id*. Plaintiff admits he is in general population where he is assigned to an honor tier. *Id*. at p. 1.

In his motion for summary judgment, Plaintiff asserts that he was not provided with copies of "the statement" or a photo copy of the weapon. ECF No. 7 at p. 1. He states that the only documents he was provided were a waiver and notification of Case Management Action dated September 4, 2018, reassigning him from Administrative Segregation 120 to Administrative Segregation; and a similar form dated October 1, 2018, reassigning him from Administrative Segregation to general population which was approved by the Assistant Warden. *Id*. He reiterates his position that the investigation was faulty because nobody interviewed him about the threat to his life. He further asserts that he contacted the Warden on August 30, 2018, to ask for a single cell and a job assignment while assigned to Administrative Segregation because he had been moved there through no fault of his own but received no response; he wrote to Lt. Bennett stating that he would not go on Protective Custody and would not "sign off" but received no response;

and on past occasions during his 32 years of incarceration he has been assigned to administrative segregation and was always told about the investigation. *Id*. at pp. 6-7.

**Injunctive Relief**

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren,* 553 U.S. 674, 689–90 (2008). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

Correctional officials identified a specific threat to Plaintiff, segregated him from general population while the larger threat was investigated, and kept him separate from the inmate who admitted he had plans to stab Plaintiff. Whether it is fair that Plaintiff's would-be assailant is being transferred and Plaintiff is not is of no significance so long as Plaintiff is not exposed to a known risk of harm. Plaintiff admits he has been in general population without incident. Thus, the need for this court to override decisions concerning the management of the WCI prison population is not warranted in this case. To the extent there remains a threat to Plaintiff's safety, he has not described how the investigation conducted has failed to alleviate the perceived threat in the

pleadings filed. The request for a preliminary injunction requiring Plaintiff's transfer will therefore be denied.

**Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

The procedural posture of this case is that none of the named Defendants have been served, they are therefore not required to respond to the motion or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12. Counsel for the Division of Correction was simply directed to file a preliminary response to Plaintiff's allegation that his life was in jeopardy. Given the early stage of this litigation, Plaintiff's motion for summary judgment will be denied without prejudice and construed as a supplement to the complaint. In addition, service will be directed in the separate Order which follows. After Defendants are served and have had an opportunity to respond to Plaintiff's claims seeking monetary damages, Plaintiff may renew his motion or rely on the statement under oath in any response he files.


January 14, 2019 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge